NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1148

COMMONWEALTH

vs.

LUIS BAUTISTA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Luis Bautista, appeals from the order denying his motion for a new trial based on newly discovered evidence in the form of an affidavit and testimony of a witness recanting his trial testimony.  We affirm.

Background.  In 2010, after a jury trial in the Superior Court, the defendant was convicted of the offenses of intimidation of a witness and violating a restraining order. The evidence at trial established the following:  In 2008, the defendant was subject to an abuse prevention order that protected his then minor son, Cristian.[1]  While the restraining order was still in effect, the defendant and Cristian

_____

[1] A pseudonym.

encountered each other at Cristian's grandmother's house. Cristian testified that he went to his grandmother's house because a cousin asked him to drop off a hat. Cristian's cousin also told him the defendant would be there and wanted to talk. When Cristian arrived, the defendant pulled him aside and encouraged him to make false reports against his mother for having drugs in her home, which he later did.

In 2020, Cristian signed an affidavit recanting his trial testimony. Cristian stated that he initiated the 2008 contact with the defendant without prompting and that the defendant never encouraged him to make the false reports. Instead, Cristian averred that his mother pressured him to testify that his father asked him to make the false reports against her. The defendant then filed a motion for a new trial based on newly discovered evidence.

An evidentiary hearing was held at which Cristian testified. At the hearing, Cristian reiterated that the defendant did not ask him to make the false reports against his mother, but instead told him they could not see each other because there was a restraining order. However, contrary to his affidavit, Cristian denied that his mother told him to testify in any particular way at trial. He also stated that he wanted to "let the past go" and travel with his father. The motion

judge denied the motion because she found that Cristian's affidavit and testimony were not credible.

Discussion. A motion for a new trial is addressed to the sound discretion of the trial court judge, who may grant a new trial if it appears that justice may not have been done. Commonwealth v. Scott, 467 Mass. 336, 344 (2014). See Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001). "On appeal, we examine the motion judge's conclusion only to determine whether there has been a significant error of law or other abuse of discretion" (quotation and citation omitted). Commonwealth v. Rosario, 460 Mass. 181, 195 (2011). An issue of credibility resolved by the fact finder "is uncontestable in the absence of clear error of fact or law" on appeal. Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 27 (1997). "The judge is the final arbiter of questions of credibility" (citation omitted). Rosario, supra.

Here, we see no reason to disturb the judge's determination that Cristian's testimony at the evidentiary hearing was not credible. Cristian's testimony conflicted with his affidavit whether his mother pressured him to testify that the defendant told him to make false reports against her. Additionally, Cristian, who was "very close" to the defendant and wanted to "let the past go" and travel with him, had a motive to be dishonest. See Commonwealth v. Santiago, 458 Mass. 405, 416

3

(2010) (judge may "question [the witness's] motivation in recanting his trial testimony").  Finally, even if Cristian initiated the 2008 contact with the defendant, as he now claims, his testimony continued to establish that the defendant violated the restraining order.  Just by failing to leave when Cristian arrived at the grandmother's home the defendant violated the order.  See Commonwealth v. Kendrick, 446 Mass. 72, 76 (2006) ("Happening on a protected person whom one did not, and could not reasonably, know to be present is not a violation, but the party subject to the order must end the encounter by leaving").  Worse, the defendant went aside with Cristian to speak with him.  We discern no error or abuse of discretion.

Order denying motion for new trial affirmed.

By the Court (Henry, Desmond & Englander, JJ.[2]),

*Paul Little*

Clerk

Entered:  February 7, 2025.

---

[2] The panelists are listed in order of seniority.

4